IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ILEANA RODRÍGUEZ-VALLEJO, et al.,

        Plaintiffs

           v.

MVM, INC., et al.,

        Defendants

CIVIL NO. 08-1699 (JP)

## OPINION AND ORDER

Before the Court is a motion to dismiss (**No. 10**) filed by Defendant United States of America ("USA"). This motion is unopposed by Plaintiffs. Plaintiff Ileana Rodríguez-Vallejo ("Rodríguez") filed the instant action on behalf of herself and her minor daughter, J.N.R., pursuant to Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann., tit. 31, § 5141; Puerto Rico Act No. 100 of June 30, 1959, P.R. Laws Ann. tit. 29, § 146 *et seq.*; Puerto Rico Act 80 of May 30, 1976, P.R. Laws Ann. tit. 29, § 185, *et. seq.*; and unspecified provisions of the Constitution of the Commonwealth of Puerto Rico for the alleged unjust dismissal of Plaintiff Rodríguez from her employment. In support of its motion to dismiss, Defendant USA argues, *inter alia*, that the Court lacks *in personam* and subject matter jurisdiction over Plaintiffs' complaint. For the reasons stated herein, Defendant USA's motion is hereby **GRANTED.**

CIVIL NO. 08-1699 (JP)            -2-

I.   **FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND**

    A.   **Plaintiffs' Allegations**

Plaintiff Rodríguez, age forty-seven, worked as an unarmed guard for Defendant MVM, Inc. ("MVM"), from 1996 until her termination on April 3, 2007.  MVM is a corporation that provides security services by armed and unarmed guards to places of business and commercial institutions in Puerto Rico.

On April 2, 2007, Plaintiff Rodríguez was working as a security guard for MVM and was assigned to the offices of the Federal Social Security Administration located in Forest Hills, Bayamón, Puerto Rico.  While Plaintiff was at her post in the reception area of the office, an unidentified woman was allegedly masturbating in the private cubicle office area belonging to Mimi King ("King"), an employee of the Federal Social Security Administration office. Plaintiff allegedly could not see or hear what was happening in King's cubicle from her post in the reception area.

Although Plaintiffs' complaint is difficult to comprehend as drafted, the Court understands that the unidentified woman had been in King's office for approximately twenty to thirty minutes when King reported to Rodríguez that the woman was masturbating.  King allegedly told Rodríguez that the unidentified woman was "crazy and that she had touched herself."  Compl. ¶ 15.  Rodríguez allegedly offered to attend to the situation and to remove the woman, but King responded that the woman should be left alone, and that King would

CIVIL NO. 08-1699 (JP)          -3-

call a relative of the woman to pick her up.  King allegedly told Rodríguez that she would inform her once she was able to get in touch with a relative of the woman.  Approximately twenty to thirty minutes later, King reported to Rodríguez that she had contacted a relative of the unidentified woman.  Although King stated that she could not restrain the unidentified woman, King nonetheless kept the woman in her office until 4:00 p.m.

Upon the conclusion of King's work day, Elizabeth Cotto ("Cotto"), Director of the Social Security Administration office, allegedly took charge of the unidentified woman.  At approximately 4:00 p.m., Cotto escorted the woman from King's cubicle to the public work area.  Cotto ordered Plaintiff to escort the woman outside the premises of the Social Security Administration office.  At 4:40 p.m., Plaintiff complied with Cotto's order and escorted the woman from the premises without incident.

The following day, April 3, 2007, Plaintiff was suspended from her employment.  The suspension was made permanent through an April 9, 2007 termination letter signed by Dina L. Evans, Human Resources Manager of MVM.  Plaintiff alleges that her termination stems from the incidents that occurred on April 2, 2007.  Plaintiff Rodríguez has allegedly suffered physical and emotion distress as a result of her termination.

CIVIL NO. 08-1699 (JP)          -4-

### B.   Procedural Background

Plaintiffs filed the instant lawsuit in the Court of First Instance of the Commonwealth of Puerto Rico, San Juan Part, Civil No. KPE2008-01186 (801). On June 27, 2008, Defendants Cotto and King filed a notice of removal (No. 1) based on their status as federal employees. On July 1, 2008, Defendants Cotto and King filed a motion to substitute Defendant USA (No. 7) on their behalf pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, 1346(b), as amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988, § 5 (the "Westfall Act"), Pub. L. No. 100-694, 102. Stat. 4563 (1988), since they were acting within the scope of their federal employment with the United States Government when the alleged tort occurred. The Court granted said motion (No. 12), thereby substituting Defendant USA for Defendants Cotto and King. As such, the case currently proceeds against Defendants MVM and USA. Defendant MVM did not join Defendant USA's motion to dismiss.

## II.   LEGAL STANDARD FOR A MOTION TO DISMISS

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007). As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 1974. The First Circuit has interpreted Twombly as sounding the death knell

CIVIL NO. 08-1699 (JP)          -5-

for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007), quoting Twombly, 127 S. Ct. at 1969. Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992). Under Federal Rule of Civil Procedure 8(f), "[a]ll pleadings shall be so construed as to do substantial justice."

## III. **ANALYSIS**

Defendant USA moves to dismiss the complaint on the grounds that: (1) the Court lacks *in personam* and subject matter jurisdiction over Plaintiffs' claims, (2) Plaintiffs have failed to exhaust administrative remedies, and (3) Plaintiffs have failed to state a claim upon which relief can be granted. The Court will now consider Defendant's arguments.

### A.   *In Personam* Jurisdiction

Defendant USA argues that the complaint against it should be dismissed because it has not been served process pursuant to Rule 4(i) of the Federal Rules of Civil Procedure. Defendant argues that because Plaintiffs are suing the USA under the FTCA, Plaintiff

CIVIL NO. 08-1699 (JP)          -6-

must serve a summons on the United States Attorney for the District
of Puerto Rico and mail the summons to the Attorney General of the
United States in Washington, D.C.  Fed. R. Civ. P. 4(i).  Although
the plain language of Rule 4(i) states that if a plaintiff is suing
a government employee in either his personal or official capacity,
plaintiff must also serve the USA, this Court has held in certain
circumstances that when a plaintiff sues a federal officer in his
personal capacity, the plaintiff need only comply with the
requirements of Rule 4(e).  See Dodson v. Reno, 958 F. Supp. 49,
55 (D.P.R. 1997).

     Here, Plaintiffs brought their original state court lawsuit
against King and Cotto before Defendant USA removed the case to this
Court and substituted itself for King and Cotto pursuant to the FTCA.
Defendant USA does not question service in the state court action.
Given Defendant's actions of removing the case to federal court and
substituting itself for King and Cotto, it is apparent that Defendant
USA is on at least constructive notice of the lawsuit.  Federal Rule
of Civil Procedure 12(b)(5) provides courts with an alternative to
dismissing a complaint when a claim of insufficient service of
process is raised.  That is, a court has broad discretion to convert
the motion to dismiss into a motion to quash service of process.
Ramírez de Arellano v. Colloides Naturels Int'l, 236 F.R.D. 83, 85
(D.P.R. 2006).  The Court concludes that Plaintiffs' failure to serve
the United States Attorney and the Attorney General is not fatal to

CIVIL NO. 08-1699 (JP)          -7-

its case at this juncture, given that the Court could merely quash service and provide Plaintiffs with a second chance to properly effect service.  Before reaching this conclusion, however, the Court will first consider Defendant USA's other arguments for dismissal.

**B.   Subject Matter Jurisdiction**

Defendant USA argues that Plaintiffs have failed to assert a proper basis for subject matter jurisdiction because Defendant USA is immune from suit under the Eleventh Amendment.

The United States, as a sovereign, is immune from suit unless it waives its immunity by consenting to be sued.  Bolduc v. United States, 402 F.3d 50, 55 (1st Cir. 2005).  The United States Court of Appeals for the First Circuit has held that the FTCA waives the sovereign immunity of the United States with respect to tort claims.  Santoni v. Potter, 369 F.3d 594, 602 (1st Cir. 2004) ("[FTCA] provides a limited congressional waiver of the sovereign immunity of the United States for torts committed by federal employees acting within the scope of their employment [similar to private parties in similar circumstances]"); Román v. Townsend, 224 F.3d 24, 27 (1st Cir. 2000).

Pursuant to the FTCA, Defendant USA is liable for the negligence of its employees.  Government employees are defined as "officers or employees of any federal agency." 28 U.S.C. § 2671.  King and Cotto fall within this category, as they are employees of the federal

CIVIL NO. 08-1699 (JP)          -8-

Social Security Administration.   Defendant USA's arguments for dismissal on Eleventh Amendment grounds therefore fail.

   C.   **Administrative Remedies**

    Defendant USA argues that Plaintiffs' complaint must be dismissed because Plaintiffs failed to exhaust their administrative remedies before filing suit in federal court.

    An action against a federal employee is "deemed" to be a FTCA action against the United States once it substitutes itself for the employee.   28 U.S.C. § 2679(d). In order to bring a tort claim against the United States under the FTCA, a plaintiff must first file an administrative claim with the appropriate federal agency within two years of the accrual of the claim and then file a tort claim against the United States within six months after a denial of (or failure to act upon) that claim by the administrative agency. Román, 224 F.3d at 27 (citing 28 U.S.C. §§ 2401(b), 2675).   Additionally, the FTCA requires that the named defendant in an FTCA action be the United States and only the United States.   28 U.S.C. §§ 1346(b), 2674, 2679(a).

    The tort alleged by Plaintiffs occurred on April 3, 2007. Accordingly, Plaintiff has until April 3, 2009, to file a claim with the appropriate federal agency.   28 U.S.C. §§ 2401(b), 2675.   There is no evidence on the record before the Court that Plaintiffs have filed an administrative complaint with the appropriate federal agency, nor that any claim as been denied or not acted upon.

CIVIL NO. 08-1699 (JP)          -9-

Moreover, Plaintiffs have filed the instant complaint against Defendant USA and Defendant MVM.  In order to bring a lawsuit pursuant to the FTCA, Plaintiffs would have to limit their complaint to include only Defendant USA.  28 U.S.C. §§ 1346(b), 2674, 2679(a).

The Court finds that Plaintiffs' complaint is premature since Plaintiffs have not yet complied with the administrative exhaustion procedure required by the FTCA.  Therefore, the Court lacks subject matter jurisdiction over Plaintiffs' complaint at this time. Accordingly, the Court **GRANTS** Defendant USA's motion to dismiss, and will enter judgment dismissing the claims against Defendant USA without prejudice.  As such, the Court need not consider Defendant's argument that Plaintiffs have failed to state a claim upon which relief can be granted.

### D.   <u>Plaintiffs' Claims Against Defendant MVM</u>

Having dismissed Plaintiffs' claims against Defendant USA, the Court must consider Plaintiffs' state law claims against Defendant MVM.  Plaintiffs have not raised a federal question in their complaint, nor have they plead the existence of the bases for diversity jurisdiction.  Therefore, having dismissed the federal Defendant in this case, the Court declines to exercise jurisdiction over Plaintiffs' Puerto Rico law claims against Defendant MVM, and will enter judgment dismissing those claims without prejudice.  See Newman v. Burgin, 930 F.2d 955, 963 (1st Cir. 1991) ("[t]he power of a federal court to hear and determine state law claims in

CIVIL NO. 08-1699 (JP)          -10-

non-diversity cases depends upon the presence of at least one substantial federal claim in the lawsuit").

IV.  **CONCLUSION**

In conclusion, the Court **GRANTS** Defendant USA's motion to dismiss.  The Court will enter judgment dismissing the complaint without prejudice.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 12th day of February, 2009.


                                    s/Jaime Pieras, Jr.
                                 JAIME PIERAS, JR.
                              U.S. SENIOR DISTRICT JUDGE